UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARABIEL AVELAR, et al., | NO. CV 16-471-VBF (AGR) |
| Plaintiffs, | |
| v. | ORDER TO SHOW CAUSE |
| DCFS, et al., | |
| Defendants. | |

On January 21, 2016, Plaintiffs filed a civil rights complaint. For the reasons discussed below, it appears that judicial immunity shields one of the defendants.

The court therefore orders Plaintiff to show cause on or before **March 9, 2016**, why defendant Commissioner Marilyn Kadding Martinez, should not be dismissed from the action.

# I.
# BACKGROUND

On January 21, 2016, Plaintiffs filed a civil rights complaint. They are the stepfather and mother of two minor children, D.M and E.M.[1] (Complaint ¶ 3.) Plaintiffs allege that Defendants, consisting of state agencies and employees, acted wrongfully to strip Plaintiffs of legal custody of the children, starting early in 2013 and continuing "to this date[]." (*Id.* ¶ 74.)

Among the defendants is Los Angeles County Superior Court Commissioner Marilyn Kadding Martinez. (*Id.* ¶ 18.) The complaint alleges Commissioner Martinez deprived Plaintiffs of civil rights and failed to "comply with the 'Warrant Clause' as required by the Constitution . . . ." (*Id.* ¶¶ 95-96.) Plaintiffs seek damages and declaratory/injunctive relief. (*Id.* at 63.)

# II.
# JUDICIAL IMMUNITY

A superior court commissioner is a judicial officer entitled to judicial immunity. *See Franceschi v. Schwartz*, 57 F.3d 828, 830 (9th Cir. 1994).

To the extent Plaintiffs seek monetary damages, "state judges are absolutely immune from liability for their judicial acts." *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983); *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). This is true "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Id.* Judicial immunity applies when a plaintiff alleges the judge erred or failed to comply with due process. *Id.* at 359-60; *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985). "Nor is judicial immunity

---

[1] Plaintiffs recite the full, unredacted names of the children at least once in the complaint. (Complaint ¶ 3.) It is apparent that they are still minors, for Plaintiffs allege that both were in elementary school in 2012. (*See id.* ¶ 24.) The use of minors' full names in a non-sealed court filing violates Fed. R. Civ. P. 5.2(a)(3), which permits only the use of the minors' initials. It is the filer's responsibility to ensure full compliance with the Rule. Civ. L.R. 5-4.3.2.

lost by allegations that a judge conspired with one party to rule against another party." *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996).

Judicial immunity can be overcome only in two circumstances: (1) "nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity," or (2) actions "taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (per curiam).

Plaintiff appears to be suing Commissioner Martinez for acts in her capacity as a Commissioner. Presiding over court proceedings and issuing rulings are acts normally performed by a judge in his or her judicial capacity. *Id.* at 12; *Moore*, 96 F.3d at 1244.

Plaintiff also has not alleged any acts by Commissioner Martinez in the complete absence of jurisdiction. The scope of jurisdiction is interpreted broadly for purposes of judicial immunity. *Stump*, 435 U.S. at 356.

To the extent Plaintiffs seek declaratory or injunctive relief, § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. The complaint fails to allege facts that show a declaratory decree was violated or was unavailable.

### III.
### ORDER

IT IS THEREFORE ORDERED that on or before **March 9, 2016,** Plaintiffs shall show cause why Commissioner Martinez should not be dismissed from the action based on judicial immunity.

3

**If Plaintiffs fail to respond to this order to show cause by March 9, 2016, then Commissioner Martinez may be dismissed from the action.**

DATED: February 9, 2016

_____
ALICIA G. ROSENBERG
United States Magistrate Judge

4