1
2
3
4
5
6
7
8         UNITED STATES DISTRICT COURT
9         CENTRAL DISTRICT OF CALIFORNIA
10
11   ARABIEL AVELAR, et al.,                    )     NO. CV 16-471-VBF (AGR)
12              Plaintiffs,                       )
13                    v.                          )
14   DCFS, et al.,                               )     ORDER TO SHOW CAUSE ON
                                                 )     OR BEFORE MARCH 31, 2016
15              Defendants.                       )
16                                               )
17   _____           )
18
19        On February 23, 2016, Plaintiffs filed a First Amended Complaint.  For the
20   reasons discussed below, it appears that judicial immunity shields one of the
21   defendants.
22        The court therefore orders Plaintiff to show cause on or before **March 31,**
23   **2016**, why defendant Commissioner Marilyn Kadding Martinez should not be
24   dismissed from the action.
25
26
27
28

# I.

## BACKGROUND

On February 23, 2016, Plaintiffs filed a First Amended Complaint ("FAC"). Plaintiffs are the stepfather and mother of two minor children, D.M and E.M.[1] (FAC ¶¶ 25, 40.)  Plaintiffs allege that Defendants acted wrongfully to remove the children from the custody of Plaintiffs.

Among the defendants is Los Angeles County Superior Court Commissioner Marilyn Kadding Martinez.  (*Id.* ¶ 18.)  Commissioner Martinez issued an order and ignored Plaintiffs' pleadings and statements at hearings.  (*Id.* ¶¶ 45, 56, 58.)

# II.

## JUDICIAL IMMUNITY

A superior court commissioner is a judicial officer entitled to judicial immunity.  *See Franceschi v. Schwartz*, 57 F.3d 828, 830 (9th Cir. 1994).

To the extent Plaintiffs seek monetary damages, "state judges are absolutely immune from liability for their judicial acts."  *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983); *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978).  This is true "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly."  *Id.*  Judicial immunity applies when a plaintiff alleges the judge erred or failed to comply with due process.  *Id.* at 359-60; *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985).  "Nor is judicial immunity lost by allegations that a judge conspired with one party to rule against another party."  *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996).

Judicial immunity can be overcome only in two circumstances:  (1)

---

[1] Plaintiffs recite the full, unredacted names of the children at least once in the complaint.  (Complaint ¶ 25.)  It is apparent that they are still minors, for Plaintiffs allege that both were in elementary school in 2013.  (*See id.* ¶ 27.)  The use of minors' full names in a non-sealed court filing violates Fed. R. Civ. P. 5.2(a)(3), which permits only the use of the minors' initials.  It is the filer's responsibility to ensure full compliance with the Rule.  Civ. L.R. 5-4.3.2.

"nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity," or (2) actions "taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (per curiam).

Plaintiff appears to be suing Commissioner Martinez for acts in her capacity as a Commissioner.  Presiding over court proceedings and issuing rulings are acts normally performed by a judge in his or her judicial capacity.  *Id.* at 12; *Moore*, 96 F.3d at 1244.

Plaintiff also has not alleged any acts by Commissioner Martinez in the complete absence of jurisdiction.  The scope of jurisdiction is interpreted broadly for purposes of judicial immunity.  *Stump*, 435 U.S. at 356.

To the extent Plaintiffs seek declaratory or injunctive relief, § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.  The FAC fails to allege facts that show a declaratory decree was violated or was unavailable.

## III.

## ORDER

IT IS THEREFORE ORDERED that on or before ***March 31, 2016,*** Plaintiffs shall show cause why Commissioner Martinez should not be dismissed from the action.

**If Plaintiffs fail to respond to this order to show cause by March 9, 2016, then Commissioner Martinez may be dismissed from the action.**

DATED: March 1, 2016

_____
ALICIA G. ROSENBERG
United States Magistrate Judge

3